**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ANGELA WILLIS,

Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 1:10-cv-594

Barrett, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Plaintiff Angela Willis filed this Social Security appeal in order to challenge the Defendant's determination that she is not disabled. *See* 42 U.S.C. §405(g). On July 26, 2011, I recommended the reversal of the ALJ's finding of non-disability on grounds that it was not supported by substantial evidence in the administrative record. (Doc. 14). The presiding district judge adopted that Report and Recommendation on August 15, 2011 (Doc. 15), remanding Plaintiff's claim to the Commissioner for further administrative review. The following day, Plaintiff filed a motion seeking an award of attorney's fees pursuant to the Equal Access for Justice Act ("EAJA"); the Commissioner has filed a response in opposition to any fee award.

### I. Analysis

The EAJA provides that:

> [A] court shall award to a prevailing party…fees and other expenses…incurred by that party in any civil action…including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the

court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

On the facts presented, Plaintiff is a "prevailing party" as defined; therefore EAJA fees "shall" be awarded unless the Commissioner's position was "substantially justified" or can demonstrate that "special circumstances" exist. Defendant does not claim that special circumstances exist to preclude the award of fees, but argues instead that no fee award should be made because the Commissioner's prior litigation position was "substantially justified."

**A. Substantial Justification Review**

The Supreme Court has defined "substantial justification" to mean that the Commissioner's position during litigation was "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person," or that its position had a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotations omitted); *Janovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). The Commissioner's litigation position during litigation can still be substantially justified even if a court ultimately finds its decision to be erroneous or not supported by substantial evidence. *See Pierce*, 486 U.S. at 566 n.2.; *see also United States v. 2323 Charms Rd.*, 946 F.2d 437, 440 (6th Cir. 1991). However, it is the Commissioner who has the burden to show that its litigation position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 416, 124 S. Ct. 1856, 1867 (2004); *United States v. True*, 250 F.3d 410, 419 n.7 (6th Cir. 2001).

The issue of "substantial justification" requires review of Plaintiff's original arguments, the Commissioner's opposition thereto, and this Court's prior determination

that remand was required. In her original appeal of the Commissioner's decision to this Court, Plaintiff argued that the ALJ erred in five distinct ways: 1) by giving too much weight to the opinion of a non-examining consultant; 2) by failing to include all relevant mental impairments in calculating Plaintiff's residual functional capacity; 3) by failing to give controlling weight to the opinion of Plaintiff's treating physician, or to the opinion of an examining consultant; 4) by failing to find Plaintiff credible; and 5) by failing to provide an adequate hypothetical to the vocational expert. This Court determined that several of the asserted errors warranted remand.

Specifically, the Court found that the Defendant had failed to comply with *Blakley v. Commissioner of Social Security*, 581 F.3d 399, 408-409 (6th Cir. 2009), by failing to discuss the effect of more than four years' worth of records not reviewed by the non-examining consultant, and in failing to reference at all the opinion of at least one medical source. In addition, the Court agreed that the ALJ erred by failing to discuss or include all relevant mental impairments, including those determined by the non-examining consultant upon whom the ALJ heavily relied. Finally, the Court determined that the failure of the ALJ "to include restrictions on maintaining attention or concentration, difficulties with pace and persistence, and difficulties relating to a supervisor or to co-workers" also supported remand. (Doc. 14 at 11).

The Court was more equivocal, and flatly rejected other assertions of error argued by Plaintiff. For example, although the Court suggested that Plaintiff's credibility should be re-assessed on remand, the Court noted some support in the record for the ALJ's unfavorable determination, finding that remand was required only due to the ALJ's mistaken "suggestion that Plaintiff has been non-compliant with her mental health

treatment." (*Id.*, at 13). Likewise, the Court noted that "[w]hether the ALJ's rejection of [treating physician] Dr. Simcoe's opinion satisfies the 'good reasons' requirement presents a close issue," (*see id.* at 16), mainly due to the ALJ's failure to discuss factors such as the thirty-year length of the treatment relationship, frequency of treatment, and other consistent medical evidence, notwithstanding the treating physician's relatively unsupported and inconsistent opinions. Finally, the Court rejected the Plaintiff's assertion that the ALJ erred by rejecting the opinion of examining psychologist [Dr. Brengle], finding "no error." (*Id.* at 18).

The Defendant now argues that the Defendant's litigation position was "substantially justified" because "the ALJ had and gave several good reasons for discounting both Dr. Simcoe's and Dr. Brengle's opinions." (Doc. 18-1 at 3). Since those were two issues in which the Court either rejected Plaintiff's assertion of error (Dr. Brengle) or noted that the issue presented was "close," (Dr. Simcoe), the Defendant is on firm ground in contending that the Agency's position was "substantially justified" with respect to these asserted errors. Likewise, the Defendant's argument that it was substantially justified in opposing Plaintiff's contention that the ALJ erred in assessing Plaintiff's credibility finds support in the record. This Court directed re-assessment of Plaintiff's credibility due to a relatively modest, though legally significant, error in the ALJ's factual analysis.

However, the Commissioner does not address the propriety or legal justification of the Defendant's prior litigation position concerning the errors that *actually resulted in remand*, versus alleged errors that this Court either described as "close" or outright rejected as cause for remand. Chief among these was the ALJ's error in giving

controlling weight to the opinion of a non-examining consultant who failed to review four years' worth of recent and highly relevant medical records. From that perspective, it is difficult if not impossible to describe the Commissioner's prior litigation position as "substantially justified." Since the Commissioner does not attempt to explain the justification for Defendant's prior opposition to Plaintiff's strongest (and winning) arguments, the Court finds a fee award to be appropriate.

In short, the Commissioner has failed to carry its burden to show that its opposition to the appeal was "substantially justified." *See Tharp v. Comm'r of Soc. Sec.*, Case No. 1:08-cv-542-MRB, 2011 WL 3438431 *4 (Aug. 5, 2011, S.D. Ohio 2011)(citing *Scarborough v. Principi*, 541 at 414). The Commissioner filed no objections to the prior R&R recommending remand on the grounds stated, and fails to defend its litigation position concerning the errors on which remand was based.

**B. Amount of Award**

Having determined that Plaintiff is entitled to an award of fees under the EAJA, the Court turns next to the amount of that award. In this case, Plaintiff seeks a rate of $170.00 for a total of 19 hours, plus costs of $350.00. The Defendant does not object to the number of hours expended, which this Court has examined and finds to be reasonable.[1]

---

[1]Although this Court has determined that some of the Defendant's arguments in opposition to Plaintiff's appeal were "substantially justified," in general, a court's rejection of alternative arguments is not a basis for reducing a fee. *See, e.g. Holden v. Heckler,* 615 F. Supp. 686, 696 (D.C. Ohio 1985). Social security cases typically require a significant expenditure of time on the analysis of medical records, and common issues of fact underlying related legal claims often makes piecemeal compensation inappropriate, even if the Commissioner had argued for a reduction of hours based upon limited success. *But see Mullins v. Astrue,* 2012 WL 298155 (S.D. Ohio, Feb. 1, 2012)(R&R agreeing with Commissioner that Plaintiff's fee should be reduced for unsuccessful argument).

Under the EAJA, the amount of attorney fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." 28 U.S.C. §2412(d)(2)(A). A plaintiff seeking a higher hourly rate bears the burden of producing appropriate evidence to support the requested increase. *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).

The focus of Defendant's opposition is on the payment of any fee; Defendant has elected not to include an alternative challenge to the claimed hourly rate. However, the sole support for exceeding the statutory rate of $125.00 per hour is counsel's inclusion of the Department of Labor's Consumer Price index. Guided by the Sixth Circuit's decision in *Bryant* as well as recent case law in this district, I conclude that Plaintiff's evidence is legally insufficient to justify the higher claimed rate of $170.00 per hour.

In *Bryant*, the Sixth Circuit upheld a district court's rejection of a higher proposed rate where the plaintiffs "submitted only the Department of Labor's Consumer Price Index, arguing that the rate of inflation supported an increase in fees." Reviewing this scant evidence, the Sixth Circuit clearly held: "This is not enough." *Id.* A plaintiff "must 'produce satisfactory evidence--in addition to the attorney's own affidavits--that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* at 450, quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984). For those reasons, the hourly rate should be limited to $125.00 per hour. Plaintiff has not met the burden of producing

satisfactory evidence that the higher fees requested are comparable to the rates prevailing in her community. *See Bryant*, 578 F.3d at 450.

As Judge Spiegel recently observed in another case involving the same Plaintiff's counsel present here, although the Court has in the past awarded the rate of $170.00 to Mr. Williams, *Bryant* clearly requires more than the bare-bones submissions that may have satisfied pre-*Bryant* standards. *See Zellner v. Astrue*, 2012 WL 273937 (S.D. Ohio Jan. 31, 2012). "[T]o comport with *Bryant*," this Court now requires additional proof such as "affidavits from other members of the local bar in which they testify as to their years of experience, skill, and reputation, and thus their consequent hourly rate," or alternatively, "results of a fee survey conducted by a state or local bar association committee comprised of lawyers in the social security area of practice." *Id. at* *3; *see also Bushor v. Comm'r of Soc. Sec.*, Case No. 1:09-cv-320-MRB, 2011 WL 3438439 (S.D. Ohio 2011)(reducing fee to $125 under *Bryant* where plaintiff's counsel failed to submit more than copy of Consumer Price Index).

**C. Payment**

The last matter to be addressed concerns the issue of payment. Plaintiff requests that the EAJA fee award be paid directly to counsel. Plaintiff has included as an exhibit to her motion a copy of Plaintiff's fee contract containing an assignment of EAJA fees. However, the United States Supreme Court has clarified that any fees awarded to a prevailing party under EAJA belong to the litigant, not to the litigant's attorney. *See Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010). The Commissioner asserts that it "reserves the right to evaluate the propriety of directing payment to [Plaintiff's] counsel, pending the absence of any pre-existing debts. . .." (Doc. 18-1 at 2

n.1). Thus, absent confirmation that Plaintiff owes no debt to the Government, the Plaintiff's request for delivery of a fee award directly to her attorney cannot be honored.

**II. Conclusion and Recommendation**

Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Attorney's Fees under the EAJA (Doc. 17) be **GRANTED IN PART,** to the extent that the Commissioner should pay to Plaintiff directly a fee award in the amount of **$2725** reflecting 19 attorney hours reasonably expended multiplied by the statutory hourly rate of $125.00, plus costs, subject to any offset permitted by *Astrue v. Ratliff*, 560 U.S. ___, 130 S.Ct. 2521 (June 14, 2010). If the parties confirm that Plaintiff owes no debt to the Government, the Commissioner alternatively should be permitted to pay the fee award to Plaintiff's counsel in accordance with the existing fee contract.

*/s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ANGELA WILLIS, Case No. 1:10-cv-594

Plaintiff, Barrett, J.
Bowman, M.J.

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).