UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANGELA WILLIS,                                              CASE NO.: 10-CV-594

       Plaintiff,                                        Barrett, J.
                                                         Bowman, M.J.
   v.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Bowman's Report and Recommendation (Doc. 19). The parties were given proper notice pursuant to Federal Rule of Civil Procedure 72(b), including notice that the parties may waive further appeal if they fail to file objections in a timely manner. (Doc. 19, p. 9); *see also United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Plaintiff Angela Willis filed her objections (Doc. 20). Defendant Commissioner of Social Security did not object to the Report.

Plaintiff objects to the Report on two grounds. (Doc. 20). First, she contends that the Magistrate Judge failed to award the costs of the court filing fee of $350.00. Second, she contends that the Magistrate Judge should not have limited the hourly rate to the statutory hourly rate of $125.00. Both objections are addressed below.

## First Objection – Costs

Addressing first the objection as to costs, Plaintiff asks for payment of the court filing fee of $350.00, and does not believe the Magistrate Judge recommended that those costs be paid. (Doc. 20, p. 1). The Magistrate Judge, however, did recommend

1

that costs be awarded. (Doc. 19, p. 8). Nineteen attorney hours multiplied by the statutory hourly rate of $125.00 applied by the Magistrate Judge amounts to $2,375.00. When costs of $350 are added to that amount, the total amount awarded is $2,725.00, which is the exact amount that the Report recommends awarding to Plaintiff. (Doc. 19, p. 8). Accordingly, the Court adopts the Magistrate Judge's recommendation in that respect, and awards costs to Plaintiff in the amount of $350.00.

## Second Objection – Hourly Rate

Turning to Plaintiff's second objection, Plaintiff requests that the Court award attorney fees at an hourly rate of $170.00 instead of at the statutory hourly rate of $125.00 that was recommended by the Magistrate Judge. (Doc. 20, pp. 1-2). Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2)(A), the amount of attorney fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee."  The plaintiff seeking a higher hourly rate carries the burden of producing evidence to support the increase. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).

In recommending that Plaintiff be awarded only the statutory hourly rate of $125.00, the Magistrate Judge stated:

> [T]he sole support for exceeding the statutory rate of $125.00 per hour is counsel's inclusion of the Department of Labor's Consumer Price index. Guided by the Sixth Circuit's decision in *Bryant* as well as recent case law in this district, I conclude that Plaintiff's evidence is legally insufficient to justify the higher claimed rate of $170.00 per hour.

2

> In *Bryant*, the Sixth Circuit upheld a district court's rejection of a higher proposed rate where the plaintiff "submitted only the Department of Labor's Consumer Price Index, arguing that the rate of inflation supported an increase in fees." Reviewing this scant evidence, the Sixth Circuit clearly held: "This is not enough." *Id.* A plaintiff "must 'produce satisfactory evidence--in addition to the attorney's own affidavit--that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* at 450, quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984). For those reasons, the hourly rate should be limited to $125.00 per hour. Plaintiff has not met the burden of producing satisfactory evidence that the higher fees requested are comparable to the rates prevailing in her community. *See Bryant*, 578 F.3d at 450.

(Doc. 19, p. 6). The Report further noted the recent decision in *Zellner v. Astrue*, No. 1:10cv812, 2012 U.S. Dist. LEXIS 11560 (S.D. Ohio Jan. 31, 2012), in which the court indicated that affidavits of other comparable members of the local bar regarding their hourly rates and fee surveys conducted by a state or local bar association committee comprised of lawyers in the social security area of practice would comport with *Bryant*. (Doc. 19, p. 7).

In light of the Report's recommendation, Plaintiff submitted additional evidence to support her request for an increased hourly rate of $170.00. (Doc. 20). The Court may consider that additional evidence when reviewing the objections to the Report. *See* 28 U.S.C. § 636(b)(1)(C).

With respect to showing the prevailing rate in the community for similar services by lawyers of reasonably comparable skill, experience and reputation in the Southwestern Ohio area, Plaintiff has submitted four separate documents. (*See* Doc. 20, pp. 6-24). First, she submitted an affidavit from her attorney. (Doc. 20, pp. 6-7). In the affidavit, her attorney attests to having over 35 years of Social Security law experience, to currently being engaged in private practice in Cincinnati, Ohio

3

representing claimants for Social Security disability benefits and SSI benefits at all administrative levels, and who attests to having a regular hourly fee of $350.00 per hour for Social Security and SSI cases. (Doc. 20, pp. 6-7). Second, she submitted the affidavit of another Southwestern Ohio attorney with over 30 years of experience in Social Security law, which was submitted in February 2012 in another case before this Court and which shows an hourly rate of $250.00 for the general practice of law, but a contingent fee of 25% for Social Security cases. (Doc. 20, pp. 8-12). Third, she submitted a copy of the opinion in *Grady v. Astrue*, No. 2:11cv763 (S.D. Ohio Feb. 14, 2012) (Frost, J.) in which the court awarded EAJA fees at a rate of $175.00 per hour based on an attorney's affidavit where the attorney had 28 years of experience in Social Security disability litigation and had a normal non-contingent fee of $300.00 per hour. (Doc. 20, pp. 18-24). Fourth and finally, she submitted an excerpt from a 2010 Ohio State Bar Association survey. (Doc. 20, pp. 15-16). For attorneys with more than 25 years of experience, the survey indicates that the median hourly rate was $205.00 and the mean hourly rate was $229. For attorneys in downtown Cincinnati, the survey indicates that the median hourly rate was $245 and the mean hourly rate was $251, which appears to be irrespective of years of experience. For the practice of administrative law, the survey indicates that the median hourly rate was $180 and the mean hourly rate was $203, which also appears to be irrespective of years of experience. Having reviewed Plaintiff's newly submitted evidence in light of the standards set forth in *Bryant* and *Zellner*, the Court finds that Plaintiff has presented sufficient evidence to demonstrate that the prevailing market rate for similar services by

lawyers of reasonably comparable skill, experience and reputation is comparable to (and in excess of) the hourly rate requested by Plaintiff in this matter.

The Court next examines the cost-of-living adjustment. Although the cost of living "has risen since the enactment of the EAJA," *Begley v. Secretary of Health and Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992), the decision whether the increase justifies the award of a fee in excess of the $125.00 statutory rate is a matter within the district court's discretion. *Id.* at 200. The Sixth Circuit has stated that the $125.00 "statutory rate is a ceiling and not a floor." *Chipman v. Secretary of Health and Human Serv.*, 781 F.2d 545, 547 (6th Cir. 1986). The *Begley* Court interpreted "*Chipman* as a specific instruction not to use [$125.00] as a minimum hourly fee and a more general command to district courts to carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation." 966 F.2d at 200 (emphasis in the original). The Court of Appeals has "neither precluded cost of living adjustments in appropriate cases, nor interfered with the authority of the district courts to decide such matters within their discretion." *Id.*

In support of an upward adjustment for cost of living, Plaintiff has provided the Court with the Consumer Price Index ("CPI") for "All Urban Consumers" for the "Midwest Urban" area for "All Items." (Doc. 20, pp. 4-5). This Court previously has found that the "Midwest Urban – All Items" table is a proper table to use in determining whether to permit an upward adjustment for cost of living. *See Adkins v. Astrue*, No. 1:07cv723, 2011 U.S. Dist. LEXIS 56363 (S.D. Ohio Feb. 18, 2011) (Report and Recommendation), *adopted, in part*, at 2011 U.S. Dist. LEXIS 56130 (S.D. Ohio, May 24, 2011). The cost of living adjustment should be based on the multiplier for the

particular year in which services were rendered (historic rates). *See Jones v. Astrue*, No. 1:05cv789, 2007 U.S. Dist. LEXIS 54719, at *4 (S.D. Ohio Apr. 11, 2007)*, adopted by*, 2007 U.S. Dist. LEXIS 33671 (S.D. Ohio May 8, 2007). In determining the rate to use, the Court notes that the CPI is published on a monthly basis as well as on an annualized basis. Because of the computational difficulties inherent in using monthly multipliers for each of the months in which services were performed, the Court should use the cost of living multiplier applicable to the particular year in which fees were incurred. *See Marcus v. Shalala*, 17 F.3d 1033, 1040 (7th Cir. 1994); *Knudsen v. Barnhart*, 360 F.Supp.2d 963, 974 (N.D. Iowa 2004); *Gates v. Barnhart*, 325 F. Supp.2d 1342, 1347 (M.D. Fla. 2002). In the event an annualized multiplier is not available for the latest year in which services were performed, the Court should average the monthly multipliers for each of the applicable months in the latest year to produce a multiplier for that year. *See Knudsen*, 360 F. Supp. 2d at 975; *Gates*, 325 F. Supp. 2d at 1347.

Here, Plaintiff seeks an award of attorney fees for work performed after March 1996 when the statutory hourly rate of $125.00 was set. Specifically, Plaintiff seeks attorney fees at the adjusted hourly rate of $170.00 for work performed in 2010 and 2011. (Doc. 17, p. 6).[1] Defendant has not objected to the adjusted hourly rate requested by Plaintiff. Based on the CPI tables for Midwest Urban – All Items, the cost-of-living adjustments for 2010 and 2011, respectively, are $171.43 (2010 CPI of 208.046 divided by March 1996 CPI of 151.7 multiplied by $125 and rounded to the

---

[1]The CPI tables submitted by Plaintiff for the period between January 1997 and December 2007, and for the period between January 1999 and December 2009 (Doc. 20, pp. 4-5), do not assist the Court in determining the relevant multiplier for 2010 and 2011 when the relevant services were rendered. The U.S. Department of Labor Bureau of Labor Statistics' CPI-U Midwest Urban – All Items table (*see* www.bls.gov), which includes data for the relevant years, is instead used to determine the correct multiplier.

nearest hundredth) and $176.95 (2011 CPI of 214.743 divided by March 1996 CPI of 151.7 multiplied by $125.00 and rounded to the nearest hundredth). The hourly rate of $170.00 requested by Plaintiff is less than the adjusted hourly rates for both years in which her counsel's services were rendered.

Based on the foregoing analysis, the Court concludes that an EAJA fee award at an hourly rate of $170.00 is reasonable and appropriate in this case.

## Conclusion

After reviewing this matter *de novo*, it is **ORDERED** that the Report (Doc. 19) is **ADOPTED IN PART** and **MODIFIED IN PART** as follows:

1. The recommendations that Plaintiff be awarded attorney fees and costs pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), which are payable to Plaintiff directly unless the parties confirm that Plaintiff owes no debt to the Government, in which case the Commissioner is permitted to pay the fee award to Plaintiff's counsel directly in accordance with the existing fee contract, is ADOPTED; and

2. The recommendation as to the amount of the fee award is MODIFIED to award to Plaintiff the total amount of **$3,580.00**, which reflects nineteen attorney hours reasonably expended multiplied by the hourly rate of $170.00, plus costs in the amount of $350.00, subject to any offset permitted by *Astrue v. Ratliff*, 560 U.S. __, 130 S.Ct. 2521 (June 14, 2010).

**IT IS SO ORDERED.**

s/ Michael R. Barrett  
Michael R. Barrett, Judge  
United States District Court