UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANGELA WILLIS,   Case No. 1:10-cv-594

    Plaintiff,   Barrett, J.
       Bowman, M.J.

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

### I. Background

Plaintiff filed applications for Disability Insurance Benefits ("DIB") in 2003 and 2005, alleging a disability onset date of October 2002. After her applications were denied at the administrative level, Plaintiff appealed, seeking judicial review. On August 15, 2011, this Court remanded to the Commissioner for further review under sentence four of 42 U.S.C. §405(g). (Docs. 14, 15). Thereafter, Plaintiff's counsel moved for and was awarded $3,580.00 in attorney's fees and costs under the Equal Access for Justice Act, based upon 19 hours of work performed in this Court. (Docs. 17, 19, 21).

On April 14, 2013, the Commissioner rendered a fully favorable DIB decision, awarding past-due benefits beginning in August 2008 and totaling $47,512.00. The Notice of Award indicates that the agency withheld $6,000 of that award "to pay your representative" for work performed at the administrative level, and advises the claimant that the total fee charged by her lawyer may not exceed $11,878.00 based upon a statutory cap on fee awards. (Doc. 22 at 10). Plaintiff's attorney now seeks an award under the Fee Contract executed between counsel and Plaintiff on September 2, 2010, and 42 U.S.C. §406(b), or 25% of the total past-due benefits award.

Pursuant to local practice, counsel's motion has been referred to the undersigned magistrate judge for initial consideration and a Report and Recommendation ("R&R"). I now recommend that Plaintiff's motion for fees under §406(b) be GRANTED only in part, based upon the principle of equitable tolling and other reasons discussed herein.

## II. Analysis

### A. The EAJA and the Social Security Act

Attorneys seeking a judicial award of compensation for social security claims typically first seek an award of fees Equal Access to Justice Act ("EAJA"), which authorizes a federal court to require the United States to pay an award of attorney's fees and costs to a "prevailing party" in a civil action brought against the United States or one of its agencies or officials. See 28 U.S.C. §2412(d)(1)(A). Any litigant who obtains a reversal and remand of the Commissioner's decision is a "prevailing party" under the EAJA – even if after remand, the same adverse decision is obtained. An EAJA motion must be filed within 30 days of the date that final judgment is entered by this Court. 28 U.S.C. §2412(d)(1)(b); (d)(2)(G). An EAJA award has no impact upon a claimant's future award of benefits, because the award essentially comes from the claimant's adversary, the Commissioner. In this case, Plaintiff was previously awarded $3530.00 under the EAJA. (Doc. 21).

If a litigant subsequently wins a DIB award after remand, counsel can return to court to seek an additional fee award for the same work under the Social Security Act, 42 U.S.C. §406(b). In contrast to an EAJA award, a §406(b) award authorizes payment of up to 25% of Plaintiff's past-due DIB benefits award, in conformity with a contingent fee agreement such as the one executed in this case. An award under §406(b) directly reduces the amount of the claimant's benefits.

Despite differences between the two statutes in terms of the funding source and impact on any award of benefits, Congress has made clear that an attorney may not obtain a double-recovery. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S. Ct. 1817 (2002); *see also Jankovich v. Bowen*, 868 F.2d 867, 871 n. 1 (6th Cir. 1989). Thus, in cases like this one where an attorney first receives an EAJA award and then subsequently seeks payment under §406(b), he is required to remit to the claimant the smaller of the two awards. *Id.* Given that any award would come from the claimant's and not Defendant's pocket, it is uncommon for the Defendant Commissioner to file any opposition to a §406(b) motion, and no opposition has been filed here.

**B. Timeliness of Motion**

Questions concerning the timeliness of a §406(b) motion are rarely presented by a party,[1] but should be considered as a threshold question of jurisdictional authority. Judgment was entered and this case was previously closed on August 15, 2011, more than twenty-one months before the instant motion was filed. The issue of when a §406(b) motion must be filed has divided other federal courts, and remains unresolved in the Sixth Circuit. The problem arises because the statute itself contains no explicit time limit, but permits a court that "renders a judgment favorable to a claimant," to "determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. §406(b)(1)(A).

Although the Plaintiff ultimately received an award of past-due benefits "by

---

[1] Many courts have noted that the defendant Commissioner "has no financial incentive to assert a challenge to the timeliness" of a motion for section 406(b) attorney's fees. *See Hale v. Comm'r of Soc. Sec.*, 2011 WL 5920914 at *3. (W.D. Mich., Oct. 25, 2011); *Bentley v. Com'r*, 524 F. Supp.2d 921, 924 (W.D. Mich. 2007).

reason of such judgment," the reversal of the Commissioner's decision in 2011 did not entitle Plaintiff to an immediate award, but instead required further evaluation by the Commissioner. The obvious dilemma is how this Court might "allow as part of its judgment" a fee award to Plaintiff's counsel in 2013 - long after judgment was entered and this case was closed?

A district court's judgment directing a remand under sentence four is a "final order" for purposes of calculating filing deadlines, and "terminate[s] the civil action seeking judicial review of the Secretary's final decision," thus providing a "judgment" that provides starting point for any filing deadline. *See Shalala v. Schaefer*, 509 U.S. 292, 299 (1993)(internal quotation marks and citation omitted). Most courts have determined that the time frame for filing a petition for fees pursuant to §406(b) is governed by Rule 54(d)(2), Fed. R. Civ. P., which requires that any motion for attorney's fees be filed "no later than 14 days after the entry of judgment, unless otherwise provided by court order or statute." Based on the Judgment date of August 15, 2011, that 14-day period has long expired, rendering the present motion time-barred.

To avoid this harsh result, other Circuits have applied Rule 54(d)(2) in combination with equitable tolling to dramatically extend the time period for filing a motion for attorney's fees under §406(b). *See, e.g., Walker v. Astrue,* 593 F.3d 274, 276 (3rd Cir. 2010); *Bergen v. Com'r of Soc. Sec.,* 454 F.3d 1273, 1277 (11th Cir. 2006); *Pierce v. Barnhart*, 440 F. 3d 657, 663 (5th Cir. 2006); *see also Garland v. Astrue*, 492 F. Supp.2d 216, 219 (E.D.N.Y. 2007)(declining to determine whether Rule 54 or Rule 60 applies to Rule 406(b) motions); *Marcum v. Astrue*, 2008 WL 4831776, *2 (D.S.C. Oct. 28, 2008)(holding motion untimely under Rule 54). Although the Sixth Circuit has yet to address the issue, the Western District of Michigan has assumed that

4

the Sixth Circuit would apply equitable tolling in two published decisions. *See Bentley v. Com'r of Soc. Sec.*, 524 F. Supp.2d 921, 924 (W.D. Mich. 2007); *Reynolds v. Com'r of Soc. Sec.*, 2013 WL 318976, ___F.R.D. ___ (W.D. Mich., June 21, 2013)(rejecting a magistrate judge's R&R that the plaintiff's §406(b) motion, filed 64 days after receipt of the Notice of Award, was untimely).

The need for a judicially crafted rule of equitable tolling is clear. Like the Western District of Michigan, the undersigned finds the Third Circuit's analysis in *Walker* to be convincing in light of the absence of any controlling authority in the Sixth Circuit. *Accord Proctor v. Com'r of Soc. Sec.*, Case No. 09-cv-127, 2013 WL 308730 (Jan. 25, 2013)(R&R applying equitable tolling where §406(b) motion filed just two days after receipt of Notice of Award, adopted on Feb. 19, 2013 at 2013 WL 607968 by Beckwith, J.); *Wallace v. Com'r of Soc. Sec.*, Case No. 1:09-cv-382-SSB (R&R filed July 29, 2013 recommending application of equitable tolling under Rule 54(d)(2)); *Lasley v. Com'r of Soc. Sec.*, Case No. 1:10-cv-394-SJD (R&R filed July 29, 2013, same). Although the Tenth Circuit has taken a different approach by applying Rule 60, "[t]here is significant legal authority suggesting that the Sixth Circuit would decline to adopt the Tenth Circuit's indefinite "reasonable" time approach, because it abandons any attempt at principled application of the specific attorney's fee provision found in Rule 54(d)(2)(B)." *Hale v. Com'r of Soc. Sec.*, 2011 WL 5920914 at *4 (discussing Tenth Circuit's approach in *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006)).

In this case, Plaintiff and her attorney were notified of the total amount of past-due disability benefits on April 14, 2013. (Notice of Award, Doc. 22 at 8). Having determined that a tolling under Rule 54(d)(2) is generally appropriate to apply to §406(b) motions, the undersigned must consider whether tolling should apply here, where

5

Plaintiff's counsel filed his motion nearly two months after receiving notice of the DIB award. The undersigned recognizes that Plaintiff's motion would not be timely under the *Walker* rule even under Rule 54(d)(2). However, all prior R&Rs on this issue by the undersigned have been unpublished. Guided by the recently published *Reynolds* decision and considering all relevant factors, including the lack of published binding authority, the inconsistency of unpublished case law, and the inherent inequity in failing to honor a contingency fee agreement in a type of case that carries with it a substantial risk of loss, the undersigned will recommend that equitable tolling be applied to consider Plaintiff's §406(b) motion as if timely filed.

### C. Merits of Motion

#### 1. The Statutory Cap on Fee Agreements

The Notice of Award indicates that a different representative has already been awarded $6,000 for an indeterminate number of hours spent representing Plaintiff during the administrative process.[2] That award was made by the Social Security Administration pursuant to its independent authority to award fees for under 42 U.S.C. §406(a). As reflected in the Notice, the statutory cap on fees for work performed in court under §406(b) is 25% of the past-due award, meaning that counsel in this case may not charge Plaintiff more than $11,878.00 as total compensation for the judicial appeal. Adding the previously paid $6,000 to the sum of $11,878.00 totals $17,878.00, or 37.6% of Plaintiff's total past-due benefits award, a percentage significantly higher than the 25% cap stated in §406(b).

The issue of whether §406(b) limits only fees awarded for representation before

---

[2]Present counsel did not represent Plaintiff at the administrative level. (Doc. 22 at 3).

a court, or whether it limits the aggregate total of fees awarded under both §406(a) and §406(b), is another question that has divided the Circuit courts, but one that has been resolved in this Circuit. *See Clark v. Astrue*, 529 F.3d 1211 (9th Cir. 2008)(discussing Circuit split on the issue). Although the Fourth, Fifth and Eleventh Circuits hold that the aggregate amount of fees may not exceed 25%, the Sixth Circuit, along with the Ninth and Tenth Circuits, have held that the 25% cap applies only to fees awarded under §406(b), without consideration of any fees separately paid under §406(a). *See Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994); *Roniger v. Com'r of Soc. Sec.*, 2012 WL 1592529 (N.D. Ohio May 4, 2012); *Campbell v. Astrue*, 2009 WL 2342739 (E.D.Ky. July 28, 2009); *but see Brown v. Com'r of Soc. Sec.*, 2013 WL 2634445 (E.D. Mich. June 12, 2012)(holding that attorney fee award was presumptively reasonable where combined §406(a) and §406(b) awards did not exceed 25%). Thus, in the Sixth Circuit, if a contingency fee agreement provides for payment of the statutory maximum fee, the full 25% can be awarded for work performed before the court under §406(b), even if a prior award has been made under §406(a) for work performed at the administrative level. Aside from any contractual limit that may arise if the same counsel represented the claimant at both administrative and judicial levels, the statute itself does not bar an aggregate award of greater than 25% of a claimant's past-due benefits, but instead caps fee awards only under §406(b).

    On the record presented, Plaintiff's Fee Contract limits fees to not more than 25% of any past-due benefits award. Because the $6,000 previously paid from past-due benefits under §406(a) was made to a different representative, both §406(b) and the Fee Contract permit counsel to claim a full 25% of the past-due benefits award, or $11,878.00.

7

**2. The Reasonableness of the Fee**

The fact that §406(b) does not bar counsel's claim for $11,878.00 does not mean that sum should be automatically awarded. Even when a motion is not opposed, the burden remains upon the attorney claiming the award to demonstrate his entitlement to the fee and the reasonableness of the fee award he seeks. *Gisbrecht v. Barnhart*, 535 U.S. at 807. The Sixth Circuit has emphasized that the twenty-five percent statutory cap on past due benefits is not to be "viewed as per se reasonable," but instead should be "a starting point for the court's analysis." *Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). An award of fees out of past-due benefits under §406(b) is discretionary, and will not be reversed absent an abuse of discretion. *See Damron v. Com'r of Soc. Sec.*, 104 F.3d 853, 856 (6th Cir.1997) ("This court will reverse a fee award decision upon finding an abuse of discretion."); *c.f.*, *Pierce v. Barnhart*, 440 F.3d at 663.

Plaintiff's motion is supported by a short memorandum citing applicable legal authority. As exhibits to the motion, Plaintiff has attached a copy of the Fee Contract, time records that support 19 hours of work performed in this Court, the social security notice, an affidavit by counsel attesting to his expertise and hourly fee,[3] and two unpublished decisions awarding the same counsel §406(b) fees. Plaintiff's counsel states that his requested fee amounts to a hypothetical rate of "$4880.00 an hour," based upon the number of hours expended in this Court.[4] (Doc. 22 at 3). That stated rate reflects an obvious typographical error. In reality, dividing $11,878.00 by 19 hours yields a hypothetical hourly rate of $625 for work performed in this Court.

---

[3] Plaintiff counsel's affidavit represents his fee to be $350.00 per hour. However, that rate greatly exceeds both the prior award of $170.00 for the same work and this Court's knowledge of prior attorney fee awards for similar social security work, including awards made under §406(b).

[4] Plaintiff also misstates the number of hours expended as 17.75. Counsel's time record reflects 19 hours, the same number for which he was previously compensated under the EAJA.

8

In *Lowery v. Com'r of Soc. Sec.*, Case No. 3:10-cv-427, ___F.Supp.2d ___, 2013 WL 837317 (S.D. Ohio March 6, 2013), another court in this district recently reiterated that an attorney seeking fees under §406(b) "must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered." *Id.* at *2, *citing Gisbrecht*, 535 U.S. at 807. The policy reasons for this affirmative finding are clear; by definition, litigants who have been determined to be entitled to Title II disability benefits may be especially vulnerable to the imposition of exorbitant fees, particularly given the near certainty that years will have elapsed between their initial applications, remand by this Court, and the ultimate award of benefits. The *Lowery* court approved an attorney's unopposed request for fees under a contingency agreement, but only after noting that the request was both well-supported based upon the facts of that case, and represented counsel's significant reduction from the 25% provided for by the contingent fee agreement, down to just 14.5% of the past-due benefits award. *Lowery* further noted that the hypothetical hourly rate did not amount to a windfall on the facts presented despite being slightly above the "*per se* reasonable*" rate for social security cases. *See id.* at *2 and n.4 (citing *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421-22 (6th Cir. 1990) for proposition that "[a] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable…."); *accord Reynolds*, *supra,* at *4 (noting counsel's "request of approximately 17% of his client's past-due benefits award [represents] a significant discount from his agreed-upon contingency fee).

Under the EAJA, Plaintiff was previously awarded the sum of $170.00 per hour for the same work. The sum of $170.00 is akin to a "standard rate" for purposes of calculating the reasonableness of an additional award under §406(b). The calculated

9

hourly rate of $625.00 under the contingency agreement is more than three and a half times that rate. While a contingency fee that is more than twice the standard rate will not automatically be held to constitute an unreasonable "windfall," when the hypothetical hourly rate so far exceeds twice the standard rate, the court should consider "arguments designed to rebut the presumed reasonableness of the attorney's fee." *Hayes*, 923 F.2d at 422; *see also Edwards v. Com'r of Soc. Sec.*, Case No. 1:08-cv-815, 2011 WL 1002186 (S.D. Ohio March 16, 2011)(Dlott, J., approving calculated hourly rate of $312.26 as "less than twice the $165 hourly rate approved by this Court in the award of fees under the EAJA."); *Jones v. Astrue*, Case No. 09-cv-802012 WL 3251865, at *3 (S.D. Ohio Aug. 8, 2012)(recommending the reduction of an effective hourly rate under a contingency agreement, from $750.00 to $360.00), adopted at 2012 WL 3763909 (S.D. Ohio, Aug. 29, 2012)(Rice, J.).

In determining what compensation is appropriate and not a windfall on the facts presented, the undersigned has considered counsel's delay in filing the §406(b) motion, the lack of an additional affidavit by Plaintiff (whose monetary interests are necessarily at odds with those of counsel), the lack of any offer of reduction, prior §406(b) awards made by this Court, and the record as a whole, including the fact that the underlying claim was relatively straightforward. Based upon all of these factors, the undersigned recommends that the total fee under §406(b) be reduced to a hypothetical rate of $360.00 per hour, or slightly more than double the "standard rate" found applicable to this case. Using that hourly rate and multiplying by the 19 hours expended yields a total fee of $6840.00.

The only remaining issue concerns the amount of EAJA fee to be refunded to Plaintiff to avoid a prohibited double-recovery. Counsel represents that he is willing to

refund to Plaintiff $3,230 of the $3,580 previously paid under the EAJA, representing the portion of the EAJA award made for counsel's time, but not the $350.00 filing fee. However, *Gisbrecht* and the relevant statutory authority require the offset of the full fee previously paid under the EAJA, not merely the amount allotted to counsel's time.  *See Gisbrecht*, 535 U.S. at 796; *see also* 42 U.S.C. §406(b)(stating that "fee" for court representation shall not exceed 25 percent, without regard to allocation between filing "fee" and attorney's "fee").

### III. Conclusion and Recommendation

Therefore, **IT IS RECOMMENDED THAT**:

Plaintiff's motion for approval of attorney's fees under 42 U.S.C. §406(b) (Doc. 22) be **GRANTED in part**, with Plaintiff to be awarded a contingency fee in the amount of $6,840.00, offset by the $3,580.00 previously awarded under the EAJA.  Therefore, the net total additional fee that should be awarded is $3,260.00.  This Report and Recommendation also should serve as notice to counsel that any future motion filed under §406(b) should be more timely filed, and better supported, to the extent that he makes any claim for a fee award that would exceed the "*per se* reasonable" contingency rate for such cases.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANGELA J. WILLIS,　　　　　　　　　　　　　　Case No. 1:10-cv-594

　　Plaintiff,　　　　　　　　　　　　　　　　　　Barrett, J.
　　　　　　　　　　　　　　　　　　　　　　　　Bowman, M.J.
　　v.

COMMISSIONER OF SOCIAL SECURITY,

　　Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).