UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ANGELA WILLIS, | Case No.: 1:10-cv-594 |
| Plaintiff, | Judge Michael R. Barrett |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("Report"). (Doc. 23). In the Report, the Magistrate Judge recommends granting in part the motion for attorney's fees under 42 U.S.C. § 406(b), and awarding a contingency fee in the amount of $6,840.00, offset by the $3,580.00 previously awarded under the Equal Access to Justice Act ("EAJA"). (Doc. 23, PAGEID 182). Counsel for Plaintiff filed timely objections to the Report and Recommendation (Doc. 24) as well as a supplemental notice of additional authority (Doc. 25). This matter is now ripe for review.

### I.  STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general

objection to the entirety of the magistrate [judge]'s report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## II.  DISCUSSION

Plaintiff's counsel objects to the Report on three grounds.  Each objection is discussed below.

### A.  First Objection

Plaintiff's counsel complains that he had not, at the time of the filing of his motion and objections, received the $6,000.00 fee awarded to him under § 406(a). (Doc. 24, PAGEID 185-86).  He appears to indicate that if he was paid that $6,000.00, then he would be seeking $5,878.00 under § 406(b), offset by the $3,580.00 previously awarded under the EAJA.  Despite this argument of Plaintiff's counsel, the Magistrate Judge noted that the Notice of Award indicates that a different representative already was awarded $6,000 for an indeterminate number of hours spent representing Plaintiff during the administrative process.  (Doc. 23, PAGEID 177).[1]  The Magistrate Judge thus concluded that Plaintiff's counsel was permitted to obtain up to the full 25 percent of the past-due benefits award, or $11,878.00.  (Id.)  As that determination was favorable to Plaintiff's position in this case, any argument in this regard is immaterial to the ultimate decision here.

### B.  Second Objection

Plaintiff's counsel next objects to the Magistrate Judge's analysis concerning the timeliness of his § 406(b) motion.  (Doc. 24, PAGEID 186-87).  Again, that recommendation of

---

[1] It is not clear from the record whether that amount was awarded to another individual or is still being held for award to Plaintiff's counsel.  Plaintiff's counsel did not represent Plaintiff in the administrative levels below before the case was appealed, but took the case on a contingency fee basis on appeal to this Court where he obtained an order reversing and remanding the case.  Following the remand, Plaintiff was awarded past-due benefits. Plaintiff's counsel represents he is entitled to the $6,000 fee.  For the purposes of this opinion, the Court recognizes that Plaintiff's counsel has not been paid the $6,000 set aside for Plaintiff's representative pursuant to the Notice of Award.

2

the Magistrate Judge was favorable to Plaintiff and was not outcome determinative, as she recommended that the motion be considered as if timely filed. (Doc. 23, PAGEID 177). This Court adopts that recommendation here. To the extent the timeliness issue is relevant as to the amount of the fee award, it will be considered below in the Court's analysis of that issue.

C. **Third Objection**

Plaintiff's counsel main objection concerns the Magistrate Judge's analysis of the reasonableness of the requested contingency fee. (Doc. 24, PAGEID 187-94). Plaintiff's counsel contends that the Magistrate Judge erred as a matter of law and abused her discretion in reducing the requested fee award to $6,840.00 using a hypothetical rate of $360.00 per hour (which is just slightly more than double the "standard" rate of $170.00 per hour) for 19 hours of work. Plaintiff's counsel argues that the Magistrate Judge should have awarded the $11,878.00 contingency fee he requested for his 19 hours of work pursuant to the contingency fee agreement with Plaintiff for 25 percent of past-due benefits, which would yield a hypothetical hourly rate of $625.00. Plaintiff's counsel argues that the Magistrate Judge specifically erred by (1) considering factors other than those appropriate for deciding whether to reduce a fee award, (2) applying a standard hourly rate of $170.00 for work performed in this matter rather than considering Plaintiff counsel's "normal" hourly rate; and (3) failing to consider the nature of contingency fee cases.

Under the Social Security Act, 42 U.S.C. § 406(b), a court is authorized to award attorney fees after the successful prosecution of social security appeals. Such fees, however, may not exceed 25 percent of the past-due benefits that the claimant received as a result of the appeal. 42 U.S.C. § 406(b)(1)(A). Within the 25 percent boundary, the attorney for a successful claimant must show, and the court must affirmatively find, that the fee sought is reasonable for the

services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 804 (2002). Section 406(b) "does not displace contingent-fee agreements" but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807.

A 25 percent contingency fee "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). A deduction of a contingency fee award may be appropriate when: (1) there is improper conduct or ineffectiveness of counsel; or (2) counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended. *Rodriquez*, 865 F.2d at 746.

An award of fees under § 406(b) is not improper, however, merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Services*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit has explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.* at 982.

In *Hayes v. Secretary of Health & Human Services*, 923 F.2d 418, 422 (6th Cir. 1990), the Sixth Circuit elaborated:

> We believe that, under *Rodriquez*, a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market.
>
> . . . .
>
> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor,

below which a district court has no basis for questioning, under the second part of *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of the fee. In other words, a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical rate that is equal to or greater than twice the standard rate may well be reasonable.

If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee. Such arguments may include, without limitation, a consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case. Factors such as these should inform the district court's determination of whether the attorney would "enjoy a windfall because of . . . minimal effort expended." *Rodriquez*, 865 F.2d at 746.

With those principles in mind, the Court turns to the merits of the third objection.

The *Hayes* "floor" in this case is $6,460.00, which represents 19 hours of time multiplied by the hourly standard rate of $170.00 provided for by the Court in its earlier Order awarding fees under the Equal Access to Justice Act fee petition (Doc. 21). Given that counsel's requested fee of $11,878.00 (a $625.00 hourly rate) is above the *Hayes* floor, the Court may consider arguments designed to rebut the presumed reasonableness of the requested fees.

The Magistrate Judge reasoned that the requested fee was not reasonable on the facts presented, considering "counsel's delay in filing the § 406(b) motion, the lack of an additional affidavit by Plaintiff (whose monetary interests are necessarily at odds with those counsel), the lack of any offer of reduction, prior § 406(b) awards made by the Court, and the record as a whole, including the fact that the underlying claim was relatively straightforward." (Doc. 23, PAGEID 181). She therefore recommended reducing the hypothetical hourly rate to $360.00 for a total fee of $6,840.00. Having reviewed the reasoning and the issues presented *de novo*, the Court agrees that a reduction is warranted but does not agree with the extent of and all of the reasons provided for that reduction.

The Court first will discuss the reasons provided for the reduction with which it disagrees. Although the Magistrate Judge correctly notes that no affidavit of Plaintiff has been submitted to support counsel's request for the fees, counsel is not required to submit such a supportive affidavit. Further, counsel has submitted the contingency fee agreement signed by Plaintiff and counsel in this case in support of his request. That contingency agreement provides for the 25 percent contingency fee that counsel is seeking in this case. As there is no suggestion of impropriety or that the fee agreement was not entered into voluntarily, and the Commissioner has not opposed counsel's request for those fees under that contingency agreement, the Court considers the contingency fee agreement to be presumptively reasonable. *See Rodriquez*, 865 F.2d at 746.

The Magistrate Judge's partial reliance on counsel's delay in filing the § 406(b) motion after the Notice of Award was issued also does not warrant a fee reduction for two reasons. First, Plaintiff's counsel has presented documentation that appears to indicate the delay, if any, was not as significant as it appeared to the Magistrate Judge. Counsel's exhibit to his objections indicates he had not received the Notice of Award as of April 24, 2014, ten days after the decision, and that he still was attempting to obtain that information. While counsel states that he did not receive the Notice of Award until "late May," he does not provide any reliable evidence (e.g., letter, affidavit, etc.) to verify that statement. Nevertheless, it is apparent that Plaintiff's counsel did not receive the Notice of Award immediately upon its issuance.[2]

Second, and perhaps more importantly, the concern with delay generally is that the significant passage of time could lead to a large increase in the past-due benefits owed to Plaintiff that results in an inappropriate windfall to counsel. *See Gisbrecht*, 535 U.S. at 808

---

[2] Although Plaintiff's counsel would not be able to recover any fees in this Court if the motion for attorney's fees been untimely, the Court has found that the petition should be considered as timely.

6

(recognizing that a reduction may be in order where there is delay caused by the attorney so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court); *Boston v. Comm'r of Soc. Sec.*, No. C-1-10-408, 2014 U.S. Dist. LEXIS 63113, at *3 (S.D. Ohio May 7, 2014) (Weber, J.) (recognizing that delay inherent in the administrative and judicial processes may cause a windfall to the attorney). Here, even if Plaintiff's counsel delayed in filing his motion for attorney's fees after receiving the Notice of Award, that particular filing delay did not change the amount of past-due benefits owed to Plaintiff or increase the amount of fees that could be obtained by counsel, as those amounts already had been determined by the Social Security Administration. Moreover, there is no indication that the case was unduly delayed in this Court by the actions of counsel.

The Court now turns to those considerations that it finds relevant to its consideration of the reasonableness of fees. Counsel points out that he stepped in to represent Plaintiff on appeal and successfully did so by making several valid contentions in his briefing. Based on that briefing, counsel obtained a positive result for Plaintiff. Moreover, counsel is an experienced attorney who maintains a regular practice in Social Security cases. Plaintiff's counsel has set forth evidence that his normal non-contingent rate for cases is $350.00, such that the fee requested is less than double his normal hourly rate. These factors support an award above and beyond the standard hourly rate.

Counsel, however, does not argue that the issues he presented on appeal were particularly novel or complex. As the Magistrate Judge correctly determined, the relatively straightforward nature of the case weighs against the reasonableness of counsel's requested fee. *See Hayes*, 923 F.3d at 422; *Rodriquez*, 865 F.2d at 746.

Also weighing against the reasonableness of counsel's requested fee is the delay at the administrative level on remand during which time Plaintiff's past-due benefits continued to accrue. As mentioned implicitly by the Magistrate Judge in her discussion of equitable tolling, there was a delay of approximately one year and eight months between the time the Court entered judgment reversing and remanding the case on August 15, 2011 and the time a final decision was rendered by the Social Security Administration on April 14, 2013. During that time, an estimated one-third of Plaintiff's past-due benefits accrued. Although the delay was no fault of counsel, it is a relevant consideration as to whether counsel received a windfall given that the specific benefit received by counsel's representation in this Court was the reversal and remanding of the Commissioner's decision. *See Dearing v. Sec'y of Health & Human Services*, 815 F.2d 1082 (6th Cir. 1987) (holding that a contingency fee award could not exceed 25 percent of amount of back benefits accumulated three months after the case was ready for decision, notwithstanding the fact that delay was not due to any fault of counsel); *Webb v. Richardson*, 472 F.2d 529, 538 (6th Cir. 1972) (holding that "[i]n no event should the fee exceed 25% of the past-due benefits that would have been due if judgment had been rendered within three months of the submission of the Secretary's reply brief"), *overruled on other grounds*, *Horenstein v. Sec'y of Health & Human Services*, 35 F.3d 261 (6th Cir. 1994).[3] In line with that consideration is the Magistrate Judge's reliance on the fact that the fee requested by Plaintiff's counsel constitutes the

---

[3] *Accord: Boston,* 2014 U.S. Dist. LEXIS 63113, at *3 (inherent delay of administrative process is relevant consideration in awarding fees); *Buttrey v. Colvin*, No. 1:11-cv-357, 2014 U.S. Dist. LEXIS 56498, at *5-6 (S.D. Ohio Apr. 23, 2014) (Bowman, M.J., report and recommendation) (recognizing *Webb* and *Dearing* and indicating they were not applicable because the case was remanded to the agency, but noting that the underlying principle remains a legitimate factor to consider); *Byers v. Astrue,* No. 3:08-cv-92, 2012 U.S. Dist. LEXIS 162166, at *4 (S.D. Ohio Nov. 13, 2012) (Rice, J.) (recognizing Sixth Circuit caselaw concerning inflation of attorney fee awards due to delay); *Pickett v. Astrue,* No. 3:10cv177, 2012 U.S. Dist. LEXIS 68968, at *3 fn. 2 (S.D. Ohio May 17, 2012) (Black, J.) (considering whether benefits accrued within three months after the case became ripe for decision in the district court); *Cabrera v. Comm'r of Soc. Sec.*, No. 2:08-cv-1087, 2011 U.S. Dist. LEXIS 105924, at *4 (S.D. Ohio Sept. 19, 2011) (Graham, J.) (considering whether requested fee fell within 25 percent of the benefits accruing three months from which the case became ripe for decision in its court).

maximum 25 percent permitted under § 406(b) and the contingency fee agreement. While counsel is not required to seek less than the 25 percent contingency fee, a discounted fee or the lack thereof is a relevant to a reasonableness determination. *Lowery v. Comm'r of Soc. Sec.*, 940 F. Supp. 2d 689, 692 (S.D. Ohio 2013) (Newman, M.J.), *adopted at*, 2013 U.S. Dist. LEXIS 30917 (S.D. Ohio Mar. 6, 2013) (Rice, J.) (finding discounted request for a fee of 14.5 percent of past-due benefits at a hypothetical hourly rate of $406.45 to be reasonable under the circumstances). *Accord*: *Beck v. Comm'r of Soc. Sec.*, No. 1:10-cv-398, 2013 U.S. Dist. LEXIS 172915, at *7 (S.D. Ohio Dec. 9, 2013) (Litkovitz, M.J.), *adopted at*, 2014 U.S. Dist. LEXIS 8872 (S.D. Ohio Jan. 24, 2014) (Weber, J.) (considering significant reduction from 25 percent to 12.75 percent contingency fee as factor weighing in favor of reasonableness of requested fee); *Reynolds v. Comm'r of Soc. Sec.*, 292 F.R.D. 481, 485 (W.D. Mich. 2013) (noting counsel's request of approximately 17% of his client's past-due benefits award [represented] a significant discount from his agreed-upon contingency fee). That consideration is particularly relevant where, as here, the Court's judgment was followed by an administrative delay in the final award of past-due benefits.

Decisions on what constitutes a reasonable fee under § 406(b) unsurprisingly have varied, as the determination is driven by the circumstances of each case. In some circumstances, the district courts have reduced the fee award to the standard hourly rate. *See, e.g., Boston*, 2014 U.S. Dist. LEXIS 63113, at *6-7 (citing relevant caselaw and reducing hypothetical fee from $684.27 per hour to $400.00 per hour for 14.75 hours of work due to windfall caused by delay inherent in the administrative and judicial processes); *Jones v. Astrue*, No. 3:09-cv-80, 2012 U.S. Dist. LEXIS 111030, at *7-8 (S.D. Ohio Aug. 8, 2012) (Merz, M.J.) (recommending the reduction of an hourly rate under a contingency agreement from $750 to $360 where requested

9

fee was four times the standard fee), *adopted at* 2012 U.S. Dist. LEXIS 123069 (S.D. Ohio Aug. 28, 2012) (Rice, J.); *Stonitsch v. Astrue*, Case No. 1:09-cv-593, 2012 U.S. Dist. LEXIS 155215, at *2-3 (S.D. Oct. 30, 2012) (Spiegel, J.) (reducing "unreasonable" hourly rate from $600.17 to $360.00). Other courts, however, have approved more than double those standard rates in some cases. *See Metz v. Comm'r of Soc. Sec.*, No. 3:11cv391, 2014 U.S. Dist. LEXIS 68204 (S.D. Ohio May 12, 2014) (finding a hypothetical hourly fee of $780 to be reasonable where significant award of past-due benefits, voluntary entry into contingency agreement, and no suggestion of impropriety); *Smith v. Comm'r of Soc. Sec.*, No. 2:10-cv-701, 2014 U.S. Dist. LEXIS 19918, at *5 (S.D. Ohio Feb. 18, 2014) (Kemp, M.J.) (report and recommendation), *adopted at* 2014 U.S. Dist. LEXIS 35545 (S.D. Ohio Mar. 17, 2014) (Sargus, J.) (awarding fees at the hypothetical rate of $750.00 per hour for 20 hours of work where claims were not difficult or novel, normal hourly rate was $350.00 and Commissioner agreed to an award of fees under the EAJA, but noting the total amount of administrative delay was a factor although it not given significant weight); *Beck*, 2013 U.S. Dist. LEXIS 172915, at *7 (awarding fees at a hypothetical rate of $1,276.60 where, among other things, counsel overcame significant factual and legal hurdles and requested fee represented a discounted rate of 12.75 percent of past-due benefits), *Pickett v. Astrue*, No. 3:10cv177, 2012 U.S. Dist. LEXIS 68968, at *5-6 (S.D. Ohio May 17, 2012) (awarding fees of approximately $709 per hour under Section 406(b), noting that no significant delay occurred in the case after remand for immediate award of benefits).

After reviewing the relevant caselaw, the Court finds that the facts of the case are most appropriately aligned with those in *Boston*, 2014 U.S. Dist. LEXIS 63113, at *6-7, *Jones*, 2012 U.S. Dist. LEXIS 111030, at *7-8, and *Stonitsch*, 2012 U.S. Dist. LEXIS 155215, at *2-3. While cognizant of the fact that contingency fees may overcompensate counsel in some instances, the

latter set of cases provide for overcompensation of counsel by more than four times the standard rate applicable in this case. They do not account for the fact that the specific benefit conferred upon Plaintiff in this Court was the reversal and remand of the decision or for the administrative delay upon remand during which benefits continued to accrue. As such, the Court finds a deduction is appropriate.

Although the Magistrate Judge recommends a deduction to a hypothetical hourly rate of $360.00, that hypothetical rate does not take into account all of the relevant factors in this case. A fee award should be substantial enough to encourage attorneys to accept Social Security cases and to reflect a fair allocation of risks and benefits in taking those cases, but also should comport with the reasonableness requirement of § 406(b). In this case, a total award of $7,600.00 is appropriate, resulting in a hypothetical hourly rate of $400 for the 19 hours of work in this Court. That fee accounts for the continued accrual of fees during the administrative delay, the lack of discount applied by Plaintiff's counsel, and the relatively straightforward claims presented on appeal. It, however, is greater than the normal hourly rate of counsel and takes into account the skill of counsel as well as the risk inherent in a contingency fee case.

The only remaining issue is the amount of EAJA fees to be refunded to Plaintiff to avoid a prohibited double-recovery. The Magistrate Judge has recommended that Plaintiff's counsel be required to refund the full fee of $3,580.00 previously paid under the EAJA. No objection has been raised to that recommendation. As such, that recommendation is hereby adopted.

### III. CONCLUSION

Consistent with the foregoing, the Court **ADOPTS IN PART** and **MODIFIES IN PART** the Report and Recommendation (Doc. 23). It is hereby **ORDERED** that the motion for approval of attorney's fees under 42 U.S.C. § 406(b) (Doc. 22) is **GRANTED IN PART**, and a

contingency fee shall be awarded in the amount of $7,600.00, offset by the $3,580.00 previously awarded under the EAJA. Therefore, the net total additional fee to be awarded is $4,020.00.

**IT IS SO ORDERED**.

s/Michael R. Barrett  
Michael R. Barrett, Judge  
United States District Court